1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail:  tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   RONALD MOORE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>   Plaintiff,<br><br>   vs.<br><br>PARAMJIT SINGH, individually and dba BUY RITE LIQUORS; RAVINDER SINGH; JOSE LUIS SERRANO, dba EL BAJIO RESTAURANT;<br><br>   Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1. This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

   a) Buy Rite Liquors
      3706 West Shields Avenue
      Fresno, CA 93722
      (hereafter "the Buy Rite Facility")

   b) El Bajio Restaurant
      3704 West Shields Avenue
      Fresno, CA 93722
      (hereafter "the El Bajio Facility")

*Ronald Moore v. Paramjit Singh, et al.*                                                              Complaint

Page 1

(hereafter collectively "the Facilities")

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against PARAMJIT SINGH, individually and dba BUY RITE LIQUORS; RAVINDER SINGH; JOSE LUIS SERRANO, dba EL BAJIO RESTAURANT (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.     JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.     VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.     PARTIES

7.     Defendants own, operate, and/or lease the Facilities, and consist of a person (or persons), firm, and/or corporation.

8.     Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.     FACTS

9.     The Facilities are public accommodation facilities, open to the public, which are intended for nonresidential use and whose operation affects commerce.

10.    Plaintiff visited the Facilities and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facilities.  Plaintiff personally

encountered the following barriers at the Facilities during Plaintiff's visits to the Facilities:

a) During Plaintiff's visits to the Buy Rite Facility on or about March 15, 2012, November 5, 2012, and January 11, 2013, Plaintiff encountered the following barriers:

1) There was a raised threshold at the entrance to the Buy Rite Facility which made it difficult for Plaintiff to maneuver his wheelchair through the doorway.

2) The cashier counter at the Buy Rite Facility was extremely high, making it difficult for Plaintiff to reach up from his wheelchair to hand payment to the cashier.

b) During Plaintiff's visits to the El Bajio Facility on or about March 14, 2012 and November 3, 2012, Plaintiff encountered the following barriers:

1) The aisles within the El Bajio Facility lacked necessary wheelchair clearances, making it difficult for Plaintiff to maneuver his wheelchair through the restaurant to reach the counter and tables. Plaintiff was forced to ask other customers to move out of the way so that he could fit his wheelchair through the aisles.

2) Plaintiff was unable to locate an accessible table at the El Bajio Facility and was forced to sit at a table which had a pole underneath the table preventing Plaintiff from pulling his wheelchair all the way up to the table. Plaintiff was forced to sit far away from the table for the duration of his meal, which was uncomfortable.

3) The sink in the restroom at the El Bajio Facility was too high, making it difficult for Plaintiff to reach up from his wheelchair to wash his hands.

          4)       The cashier counter at the El Bajio Facility was extremely high, making it difficult for Plaintiff to reach up from his wheelchair to hand payment to the cashier.

    c)       During each of Plaintiff's visits to the Facilities as aforesaid, Plaintiff encountered the following barriers:

          1)       The designated accessible space in front of the Facilities was extremely short, such that when Plaintiff transferred to and from his wheelchair at the rear of his vehicle he was positioned in the path of traffic within the parking lot.

          2)       The ramp from the parking lot to the sidewalk in front of the Facilities extends down into the access aisle and lacks protected edges, making it difficult for Plaintiff to maneuver his wheelchair up and down the ramp. When Plaintiff traveled down the ramp towards his vehicle, he could not control the speed of his wheelchair down the ramp and came quickly down into the path of traffic within the parking lot.

11. The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facilities and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facilities and relate to his disabilities removed to afford him full and equal access.

12. Plaintiff was, and continues to be, deterred from visiting the Facilities because Plaintiff knows that the Facilities' goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facilities, and will return to the Facilities once the barriers are removed.

13. Defendants knew, or should have known, that these elements and areas of the

Facilities were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Facilities (without much difficulty or expense), and make the Facilities accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facilities to remove impediments to wheelchair access and to comply with the 2010 Standards for Accessible Design and the California Code of Regulations Title 24.  Defendants have not removed such impediments and have not modified the Facilities to conform to accessibility standards.  Defendants have intentionally maintained the Facilities in their current condition and have intentionally refrained from altering the Facilities so that they comply with the accessibility standards.

15.     Plaintiff further alleges that the (continued) presence of barriers at the Facilities is so obvious as to establish Defendants discriminatory intent.  On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facilities; conscientious decision to maintain the architectural layout (as it currently exists) at the Facilities; decision not to remove barriers from the Facilities; and allowance that Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges, on information and belief, that the Facilities are not in the midst of a remodel, and that the barriers present at the Facilities are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facilities during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facilities without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Facilities' barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23. Plaintiff alleges on information and belief that the Facilities were designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

1      25.     Here, Defendants violated the ADA by designing and constructing (or both)
2  the Facilities in a manner that was not readily accessible to the physically disabled public –
3  including Plaintiff – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

5      26.     Plaintiff alleges on information and belief that the Facilities were modified
6  after January 26, 1992, independently triggering access requirements under the ADA.

7      27.     The ADA also requires that facilities altered in a manner that affects (or could
8  affect) its usability must be made readily accessible to individuals with disabilities to the
9  maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a
10 facility's primary function also requires making the paths of travel, bathrooms, telephones,
11 and drinking fountains serving that area accessible to the maximum extent feasible. Id.

12     28.     Here, Defendants altered the Facilities in a manner that violated the ADA and
13 was not readily accessible to the physically disabled public – including Plaintiff – to the
14 maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

16     29.     The ADA also requires reasonable modifications in policies, practices, or
17 procedures, when necessary to afford such goods, services, facilities, or accommodations to
18 individuals with disabilities, unless the entity can demonstrate that making such
19 modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

20     30.     Here, Defendants violated the ADA by failing to make reasonable
21 modifications in policies, practices, or procedures at the Facilities, when these modifications
22 were necessary to afford (and would not fundamentally alter the nature of) these goods,
23 services, facilities, or accommodations.

24     31.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,
25 attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

26     32.     Plaintiff seeks a finding from this Court (i.e., declaratory relief) that
27 Defendants violated the ADA in order to pursue damages under California's Unruh Civil

---

[1] General under either state or federal statues

*Ronald Moore v. Paramjit Singh, et al.*                                                                 Complaint

1 Rights Act or Disabled Persons Act.

2 **VII. SECOND CLAIM**

3 **Unruh Act**

4 33. Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for
5 this claim.

6 34. California Civil Code § 51 states, in part, that: All persons within the
7 jurisdiction of this state are entitled to the full and equal accommodations, advantages,
8 facilities, privileges, or services in all business establishments of every kind whatsoever.

9 35. California Civil Code § 51.5 also states, in part that: No business
10 establishment of any kind whatsoever shall discriminate against any person in this state
11 because of the disability of the person.

12 36. California Civil Code § 51(f) specifically incorporates (by reference) an
13 individual's rights under the ADA into the Unruh Act.

14 37. Defendants' aforementioned acts and omissions denied the physically
15 disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,
16 privileges and services in a business establishment (because of their physical disability).

17 38. These acts and omissions (including the ones that violate the ADA) denied,
18 aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

19 39. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory
20 minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

21 40. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and
22 ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code
23 § 52(a).

24 **VIII. THIRD CLAIM**

25 **Denial of Full and Equal Access to Public Facilities**

26 41. Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for
27 this claim.

28 42. Health and Safety Code § 19955(a) states, in part, that: California public

*Ronald Moore v. Paramjit Singh, et al.* Complaint

accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44. Plaintiff alleges the Facilities are public accommodations constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facilities were not exempt under Health and Safety Code § 19956.

45. Defendants' non-compliance with these requirements at the Facilities aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.
3. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.
4. Attorneys' fees, litigation expense, and costs of suit.[2]
5. Interest at the legal rate from the date of the filing of this action.
6. For such other and further relief as the Court deems proper.

//
//
//

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Ronald Moore v. Paramjit Singh, et al.*                                                                 Complaint

1  Dated: March 8, 2013                MOORE LAW FIRM, P.C.

2

3                                      /s/ Tanya E. Moore
                                       Tanya E. Moore
4                                      Attorneys for Plaintiff,
                                       Ronald Moore

*Ronald Moore v. Paramjit Singh, et al.*                                   Complaint

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 3/8/13

_Ronald Moore_
Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

/s/ Tanya E. Moore
Tanya E. Moore, Attorney for
Plaintiff, Ronald Moore

*Ronald Moore v. Paramjit Singh, et al.*